1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM TILLMAN,                        No. 2:22-cv-1997-EFB (PC)

12                 Plaintiff,

13        v.                                 ORDER

14   STATE OF CALIFORNIA, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding through counsel in an action brought under 42

18   U.S.C. § 1983.  He commenced this civil action in the Amador County Superior Court and

19   defendant State of California removed it to federal court on November 4, 2022.[1]  Defendant State

20   of California requests that the court screen the complaint pursuant to 28 U.S.C. § 1915A and

21   dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim.  ECF

22   No. 1 at 3.  After reviewing the complaint pursuant to § 1915A, the court concludes that it cannot

23   survive screening and must be dismissed with leave to amend.

24                                      Jurisdiction

25        Except where Congress otherwise dictates, a defendant may remove to federal court "any

26   civil action brought in a State court of which the district courts of the United States have original

27   _____

28        [1] Defendant State of California was served on October 14, 2022.  ECF No. 1 at 2.  The
     complaint names additional defendants, but none have been served.  *Id.*

                                          1

jurisdiction . . ."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  Federal courts have an independent obligation to examine their own jurisdiction.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Among various state law claims, plaintiff sues numerous defendants pursuant to 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment to the United States Constitution. ECF No. 1 at 5, 15-16.  Plainly, plaintiff has raised a federal claim over which this court has jurisdiction.  *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."  *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*

2

1    *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490

2    U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

3    has an arguable legal and factual basis.  *Id.*

4         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

5    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

6    what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S.

7    544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

8    However, in order to survive dismissal for failure to state a claim, a complaint must contain more

9    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

10   allegations sufficient "to raise a right to relief above the speculative level."  *Id.* (citations

11   omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

12   merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (alteration in original)

13   (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d

14   ed. 2004)).

15        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

16   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.

17   Corp.*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content

18   that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged."  *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In reviewing a complaint

20   under this standard, the court must accept as true the allegations of the complaint in question,

21   *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

22   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*

23   *McKeithen*, 395 U.S. 411, 421 (1969).

24   /////

25   /////

26   /////

27   /////

28   /////

3

1

Screening Order

2        Plaintiff's complaint lists the following seven claims for relief: (1) a state tort law battery

3    claim against defendants Azhar, Gann, Baca, Louie, and Reynolds[2]; (2) a claim for rape in

4    violation of California Penal Code section 261 against defendant Drake; (3) a claim for

5    destruction of evidence in violation of Penal Code section 135 against defendant Nardy; (4) a

6    claim for failure to summon medical care in violation of California Government Code section

7    845.6 against defendant Nardy; (5) Eighth Amendment claims of excessive force and deliberate

8    indifference to medical needs against defendants Drake, Perez, Stinson, Nardy, Azhar, Gann,

9    Baca, Louie, and Reynolds; (6) a Bane Act (California Civil Code section 52.1) claim against all

10   defendants; and (7) a state tort law intentional infliction of emotional distress claim against

11   defendants.  Plaintiff seeks damages as relief.  ECF No. 1 at 19-20.  As discussed below, the

12   complaint cannot survive screening.

13       Claims One (battery), Four (failure to summon medical care), Six (Bane Act), and Seven

14   (intentional infliction of emotional distress) are based on California state law.  Before proceeding

15   on a claim arising under California law a litigant must comply with the terms of the California

16   Tort Claims Act, and then plead compliance.  *See* Cal. Gov't Code §§ 905, 911.2, 945, 950.2.;

17   *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d. 1470, 1477 (9th Cir. 1995).  Here, plaintiff offers

18   only a conclusory allegation that he "timely complied with the provision of the California Tort

19   Claims Act by filing a Government Code § 910 et seq claim . . . ."  ECF No. 1 at 11.  This is not

20   sufficient to plead compliance with the claim presentation procedure.  Complaints must present

21   *facts* demonstrating compliance, rather than simply *conclusions* suggesting as much.  *Shirk v.*

22   *Vista Unified School Dist.*, 42 Cal.4th 201, 209, 64 Cal. Rptr. 3d 210, 164 P.3d 630 (2007).  For

23   this reason, Claims One, Four, Six, and Seven are dismissed with leave to amend.

24       Claims Two (rape) and Three (destruction of evidence) are not cognizable in this action

25   because they are both premised on criminal statutes that do not create a private right of action.  A

26

27       [2] The heading for this claim purports to assert it against "all" defendants.  ECF No. 1 at
     11.  The specific allegations, however, involve only defendants Azhar, Gann, Baca, Louie, and
28   Reynolds.

4

1  private right of action under a criminal statute has rarely been implied. *Chrysler Corp. v. Brown*,

2  441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a

3  statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Id.*

4  (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see also Sohal v. City of Merced Police Dep't*, No.

5  1:09-cv-0160-AWI-DLB, 2009 U.S. Dist. LEXIS 29240 at *20 (E.D. Cal. Apr. 8, 2009) ("[t]his

6  court and courts of this circuit routinely dismiss claims based on violation of state criminal

7  statutes where the language of the statute does not confer a private right of action")).  Here,

8  plaintiff does not allege that a private right of action is implied in either Penal Code section 261

9  or 135, and there is no indication in either statute that civil enforcement is available to plaintiff.

10  Accordingly, plaintiff fails to state a claim upon which relief may be granted based on the alleged

11  violations of Penal Code sections 261 and 135 by way of Claims Two and Three.

12       Claim Five consists of three distinct claims that are ill-suited to proceed in a single suit.

13  The first claim is an Eighth Amendment excessive force claim against defendants Azhar, Gann,

14  Baca, Louie, and Reynolds, arising from their alleged beating of plaintiff on January 18, 2018.

15  The second claim is an Eighth Amendment excessive force claim against defendant Drake,

16  arising from his alleged rape of plaintiff on January 20, 2018.  The third claim is an Eighth

17  Amendment deliberate indifference to medical needs claim against defendant Nardy, arising from

18  his alleged intentional interference with the timely transportation of both plaintiff and biological

19  evidence from the alleged rape, to the San Joaquin Medical Center.[3]  It is well settled that a

20  claimant may not proceed with various unrelated claims against separate defendants:

21       "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party
         asserting a claim to relief as an original claim, counterclaim, cross-
22       claim, or third-party claim, may join, either as independent or as
         alternate claims, as many claims, legal, equitable, or maritime, as the
23       party has against an opposing party.'  Thus multiple claims against a
         single party are fine, but Claim A against Defendant 1 should not be
24       joined with unrelated Claim B against Defendant 2."

25  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, there appears to be no basis for

26

27       [3] Although Claim Five is also asserted against defendants Perez and Stinson, there are no
    allegations showing that either one of them participated in any violation of plaintiff's Eighth
28  Amendment rights.

litigating the January 18, 2018 excessive force claim against defendants Azhar, Gann, Baca, Louie, and Reynold in the same action as the January 20, 2018 rape-related claims against defendants Drake and Nordy.  These two sets of claims, standing alone, seemingly encompass discrete events and separate defendants, rendering them ill-suited to proceed in a single suit.

Finally, the court notes that plaintiff's complaint purports to name numerous "Doe" defendants.  The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identity of a "Doe," he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

For all of these reasons, plaintiff's complaint is dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d at  607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants.  *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  Plaintiff should also carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that plaintiff's complaint (ECF No. 1, Ex. A) is dismissed with leave to amend within 30 days of service of this order.  Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

Dated: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE