UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TILLMAN, | No. 2:22-cv-01997-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 4), plaintiff has filed an amended complaint (ECF No. 7) which the court must now screen.[1,2] Like the prior complaint, plaintiff's amended complaint attempts to join unrelated claims in a single action.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

[2] Defendants' request that the court screen the amended complaint pursuant to § 1915A (ECF No. 9) is denied as unnecessary.

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, a complaint may include all related claims against a party and join all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." *See* Fed. R. Civ. P. 18(a) and 20(a)(2).

In the first claim, plaintiff alleges that defendants Azhar, Gann, Baca, Louie, and Reynolds subjected plaintiff to a beating on either December 18, 2018 or January 18, 2018 (the allegations are internally inconsistent), in violation of plaintiff's Eighth Amendment right to be free from excessive force. ECF No. 7 at 8-9. The fifth claim, alleging a state law battery claim, also arises from the excessive force incident involving defendants Azhar, Gann, Baca, Louie, and Reynolds. *Id.* at 13-14.

In the second claim, plaintiff alleges that on January 20, 2018, defendant Drake sexually assaulted plaintiff in violation of the Eighth Amendment. *Id.* at 9-10. Claim three is related to claim two in that it alleges that defendants Drake and Nardy subsequently interfered with plaintiff's ability to preserve evidence of the sexual assault, in violation of plaintiff's right to due process.[3] *Id.* at 11-12. Claims four, six, and seven allege additional state law claims arising from the January 20, 2018 sexual assault.[4] *Id.* at 12-13, 14-16. This group of claims does not arise from the same transaction or occurrence as the claims against defendants Azhar, Gann, Baca, Louie, and Reynolds.

Plaintiff was previously informed in the court's prior screening order (ECF No. 4) that he cannot proceed with these two groups of claims in a single action, as they encompass discrete

---

[3] Plaintiff alleges that Officer McNitt was also responsible for the violations alleged in claim three, but does not name McNitt as a defendant. ECF No. 7 at 11-12.

[4] Plaintiff's eighth claim seeks relief for the state law tort claim of intentional infliction of emotional distress against all defendants. *Id.* at 16-17.

events and defendants, rendering them ill-suited to proceed in a single suit. Thus, the amended complaint will be dismissed with one final opportunity to amend. Plaintiff is informed that if his next complaint contains unrelated claims that cannot be properly brought together in a single lawsuit, the court will recommend that this action be dismissed for improper joinder and failure to comply with a court order.

### Leave to Amend

In addition to the above, any amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). It must also be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 7) is DISMISSED with leave to amend within 30 days of service of this order;
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein; and
3. Defendants' request for screening of the amended complaint (ECF No. 9) is denied as unnecessary.

DATED: August 7, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3