UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TILLMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01997-EFB (PC)<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983 and removed to federal court. ECF No. 1. Plaintiff's first two complaints were dismissed with leave to amend. ECF Nos. 4, 10. Plaintiff has filed a second amended complaint (ECF No. 11, "SAC"), which the court screens herein.

　　　　The SAC names four defendants: the State of California and three officers at Mule Creek State Prison ("MCSP"): Drake, McNitt, and Nardy. SAC, ¶¶ 5-7. The allegations concerning the MCSP defendants are prefaced by allegations largely unrelated to the instant claims. SAC ¶¶ 10-28. In relevant part, plaintiff alleges that defendant Sgt. Drake raped plaintiff in his cell on January 20, 2018 "with unknown other corrections officers assisting[.]" *Id.*, ¶¶ 29-30.

　　　　Plaintiff alleges that he reported the rape to prison authorities, who arranged for him to be taken to a hospital for the collection of evidence for a rape kit. *Id.*, ¶ 31. Plaintiff alleges that McNitt contacted him to say that he and Drake had attended the Academy together, and asked if

1

plaintiff was "sure" he wanted to do this, and added: "You know we're gonna get you for doing this." *Id.*, ¶¶ 32-33. Plaintiff claims that McNitt also "picked which CDCR employees, including Nardy," would drive plaintiff to the hospital for examination. *Id.*, ¶ 34.

The SAC alleges that, on the drive to the hospital, Nardy tightened the vehicle restraint belts so as to restrict plaintiff's airway. Additionally, the SAC alleges that Nardy took surface streets, rather than the freeway, to the hospital, delaying plaintiff's arrival by several hours. *Id.*, ¶¶ 36-38. Hospital staff examined plaintiff and gave the rape kit evidence to Nardy. *Id.*, ¶¶ 39-40. Plaintiff's counsel has been unable to obtain any information or records pertaining to the rape kit, which they believe was neither handed over to the proper authorities at MSCP nor sent out for analysis. *Id.*, ¶¶ 41-42.

In Claim 1, plaintiff asserts Eighth Amendment violations by Drake, McNitt, and Nardy. *Id.* at 8-10. A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply "offensive to human dignity." *Felix v. McCarthy*, 939 F.2d 699, 702 (9th Cir. 1991). "Therefore, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary standards of decency and the Eighth Amendment." *Meadows v. Reeves*, No. 1:11-cv-00257-GBC (PC), 2012 WL 1583023, at *4 (E.D. Cal. May 4, 2012), citing *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003). Here, the SAC states potentially cognizable Eighth Amendment claims against Drake and Nardy. *See id*. at *5 (claim alleging uninvited sexual contact between a prison official and an inmate, in violation of the Eighth Amendment, is similar to an excessive force claim).

In Claim 2, plaintiff asserts that Drake, McNitt and Nardy violated his federal due process right "to obtain evidence of rape" with respect to the hospital exam and rape kit. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, the SAC does not allege that any defendant personally participated in constitutional wrongdoing with respect to the rape kit. Though McNitt's and Nardy's alleged actions could be construed as

retaliatory under the First Amendment, plaintiff, who is represented by counsel, does not bring such a claim, and it is not clear whether any such claim is exhausted.[1]

In Claim 3, plaintiff seeks damages for violation of the Prison Rape Elimination Act ("PREA").  "However, the majority of courts to consider the issue have determined that the PREA does not actually provide for a private cause of action." *Debose v. Third Watch Commander*, 2:23-cv-00131-EFB (PC), 2023 WL 2058818, atb*2 (E.D. Cal. Feb. 16, 2023) (collecting cases), *not adopted on other grounds in Debose v. Third Watch Commander*, 2023 WL 5614941 (E.D. Cal. Aug. 30, 2023).

Plaintiff also asserts state tort claims in Claims 4, 5, and 6.  This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Claim 4 for battery against Drake is clearly related to the case at issue, as is Claim 6 for intentional infliction of emotion distress against Drake and Nardy.  On the other hand, Claim 5, alleging failure to summon timely medical care, concerns the collection of rape kit evidence and does not relate to the federal claims going forward.  In sum, state-law Claims 4 and 6 may go forward against defendants Drake and Nardy, while state-law Claim 5 is subject to dismissal.

Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED THAT:

1. The Second Amended Complaint (ECF No. 11) proceed on the Eighth Amendment claims and state tort claims for battery and intentional infliction of emotional distress, as set forth above, against defendants Drake and Nardy;

---

[1] As to defendant State of California, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  *See Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978)( per curiam); *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  As the State of California has not consented to suit, any purported claims against it in the SAC cannot go forward.

    2. All other claims be dismissed without prejudice to refiling in a separate action or actions;

    3. All defendants except the two named above be dismissed from this action; and

    4. If and when these findings and recommendations are adopted by the district judge, service of the SAC shall be ordered on defendants Drake and Nardy.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE