UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TILLMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:22-cv-01997-DAD-EFB (PC)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 12) |

Plaintiff William Tillman is a state prisoner proceeding through counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 18, 2024, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations recommending that this action "proceed on the Eighth Amendment claims and state tort claims for battery and intentional infliction of emotional distress, as set forth above, against defendants Drake and Nardy," and that all other claims and defendants be dismissed from this action without prejudice due to plaintiff's failure to state a claim. (Doc. No. 12 at 3–4.)

---

[1] On November 4, 2022, defendants removed this action from the Amador County Superior Court to this federal court. (Doc. No. 1.)

1

1    The pending findings and recommendations were served on the parties and contained
2 notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
3 4.) To date, no objections to the findings and recommendations have been filed, and the time in
4 which to do so has now passed.

5    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
6 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
7 findings and recommendations are supported by the record and by proper analysis.[2]

8    Accordingly:

9    1.   The findings and recommendations issued on June 18, 2024 (Doc. No. 12) are
10        adopted in full;
11   2.   This action shall proceed only on plaintiff's Eighth Amendment claim asserted
12        against defendants Drake and Nardy; plaintiff's claim for battery and violation of
13        the Tom Bane Civil Rights Act, California Civil Code § 52.1, asserted against
14        defendant Drake; and plaintiff's claim for intentional infliction of emotional
15        distress asserted against defendants Drake and Nardy;
16   3.   All other claims brought by plaintiff in this action are dismissed without prejudice
17        to refiling in a separate action or actions;
18 /////

---

[2] The pending findings and recommendations are arguably unclear as to whether it is recommended that this action also proceed on plaintiff's claim for violation of the Bane Act, California Civil Code § 52.1, asserted against defendant Drake. (*See* Doc. No. 11 at ¶¶ 95–104 (asserting a "fourth claim . . . for battery/rape, Bane Act violation"); Doc. No. 12 at 3 ("Claim 4 for battery against Drake is clearly related to the case at issue . . . . In sum, state-law Claims 4 and 6 may go forward against defendants Drake and Nardy . . . ."); *id.* (recommending that this action proceed only on "the Eighth Amendment claims and state tort claims for battery and intentional infliction of emotional distress")). Out of an abundance of caution, the court clarifies that plaintiff's allegations in his second amended complaint are sufficient to state a cognizable claim against Drake for intentionally "interfer[ing] by threat, intimidation, or coercion" with a state or federal constitutional or legal right, in violation of the Bane Act. Cal. Civ. Code § 52.1; *see Doe v. Johnson*, No. 2:24-cv-01542-DJC-AC, 2024 WL 4437817, at *4 (E.D. Cal. Oct. 7, 2024) (finding that the plaintiff had sufficiently alleged a Bane Act claim against the defendant where the plaintiff, a prisoner, had alleged that the defendant, her supervisor, had sexually abused her); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (noting that prisoners have an Eighth Amendment right "to be free from sexual abuse").

4. Defendants State of California, CDCR, Perez, A. Stinson, M. Azhar, P. Gann, Baca, B. Louie, and S. Reynolds are dismissed as defendants in this action;

5. The Clerk of the Court is directed to update the docket to reflect that defendants State of California, CDCR, Perez, A. Stinson, M. Azhar, P. Gann, Baca, B. Louie, and S. Reynolds have been terminated from this action; and

6. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **November 26, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3