UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TILLMAN,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, ET AL.,<br>Defendants. | No. 2:22-cv-01997-DAD-EFB (PC)<br><br>ORDER |

Plaintiff is a former state prisoner proceeding with counsel in this action brought under 42 U.S.C. § 1983. Before the court is defendant's motion to indefinitely stay the case or extend the discovery and dispositive motion deadlines for the sole purpose of accomplishing plaintiff's deposition. ECF No. 23.

Defense counsel declares that the timely deposition of plaintiff has been prevented by plaintiff's multiple institutional transfers and releases/reincarcerations in California and Ohio. ECF No. 23-1. "The latest information is that Plaintiff is again facing criminal charges and is incarcerated at the Los Angeles County Jail. Defendants submit there is good cause for a stay in this action to allow them to locate which specific correctional facility Plaintiff is in, and to arrange for his videoconference deposition." ECF No. 23 at 4.

////

////

A district court has inherent authority to stay federal proceedings pursuant to its docket management powers. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

According to defense counsel, plaintiff's counsel does not oppose a stay, "but would like leave to depose defendant Drake." ECF No. 23 at 3. Defendants oppose this request, as plaintiff's counsel failed to depose Drake during the time limits set by the discovery schedule. *Id.*

The court is not inclined to grant a stay of indeterminate length. Such a stay "raises the prospect of the dissipation of key witnesses and testimonial evidence." *Camplisson v. Adidas Am., Inc.*, No. 25-CV-00603-GPC-GC, 2026 U.S. Dist. LEXIS 192786, at *8-9 (S.D. Cal. Aug. 26, 2026). Defendants have not provided sufficient reason why the case cannot go forward now that plaintiff has returned to California, especially given plaintiff's represented status. If plaintiff's counsel cannot locate his own client, the court will issue an order to show cause why the case should not be dismissed for plaintiff's failure to participate in his deposition or to prosecute his case.

Defendants alternatively seek to extend the discovery deadline in order to accomplish plaintiff's deposition. Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Defendants have shown good cause to vacate the current schedule, as plaintiff's deposition is necessary to proceed with dispositive motions. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's request for a stay (ECF No. 23) is DENIED.
2. Defendant's alternative request for an extension of the discovery deadline for the sole purpose of deposing plaintiff (ECF No. 23) is GRANTED.
3. The discovery cutoff is EXTENDED to December 18, 2026, to enable defendants to depose plaintiff. This extension applies equally to both sides and accordingly plaintiff may depose defendant Drake prior to the new discovery cutoff date.
4. Dispositive motions shall be filed on or before January 22, 2027.

DATED: November 9, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE